2:05CV403-A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

MODEL FORM FOR MOTIONS UNDER 28 §2255

2005 MAY -2 P 2: 29

NAME   Eugene Robert Church

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

PRISON NUMBER   05638-017

PLACE OF CONFINEMENT  Federal Correctional Institution, Forrest City, Arkansas

UNITED STATES DISTRICT COURT   For the Middle

DISTRICT OF   OF ALABAMA

CASE NO.   2:03CR00173-001   (To be supplied by Clerk of U.S. District Court) United States,

v.

EUGENE ROBERT CHURCH
_____
(Full name of movant)

(If movant has a sentence to be served in the *future* under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
BY A PERSON IN FEDERAL CUSTODY

1.  This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

2.  Additional pages are not permitted except with respect to the *facts* which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3.  Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

4.  If you do not have the necessary funds for transcripts, counsel, appeal and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute the declaration on the last page, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

5. Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each judgment.

6. Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

7. When the motion is fully completed, the *original and two copies* must be mailed to the Clerk of the United States District Court whose address is __United States District Court for the Middle District of Alabama, United States Courthouse, 15 Lee Street Montgomery, Alabama 36104__

8. Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

## MOTION

1. Name and location of court which entered the judgment of conviction under attack ____
   __United States District Court for the Middle District of Alabama, at Montgomery, Alabama.__

2. Date of judgment of conviction __4/26/04 (sentenced 4/23/04, Judgment filed 4/26/04)__

3. Length of sentence __120 months followed by 60 months to be served consecutively to the 120-month sentence, for a total of 180 months of imprisonment.__

4. Nature of offense involved (all counts) __Ct. 1: Conspiracy to distribute methamphetamine; Ct. 2: Possession with intent to distribute methamphetamine; Ct. 3, possession of a firearm during commission of drug trafficking offense (18 U.S.C. §924(c)); Ct. 4: Possession of a firearm by a convicted felon (18 U.S.C. §922(g)(1)__

5. What was your plea? (Check one.)

   a. Not guilty ☐
   b. Guilty ☒ (01/30/04 on second day of jury trial, which commenced 1/29/04)
   c. Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: __Movant entered a plea to all 4 counts of the indictment.__

_____

_____

_____

6. Kind of trial (check one):   Not Applicable.  Although a jury trial had commenced on January 29, 2004, and continued on January 30, 2004, Movant entered a plea of guilty on 1/30/04 before the case was submitted to the jury.

   d. Jury ☐

   e. Judge only ☐

7. Did you testify at the trial?  Yes ☐    No ☒

8. Did you appeal from the judgment of conviction?  Yes ☐    No ☒

9. If you did appeal, answer the following:

   f. Name of court __Not Applicable_____

   g. Result _____

   h. Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?  Yes ☐   No ☐  Did not file any post-conviction motions before this one.

11. If your answer to 10 was "yes," give the following information:

   A.  1. Name of court _____

       2. Nature of proceeding _____

_____

       3. Grounds raised _____

_____

_____

    4.     Did you receive an evidentiary hearing on your petition, application or motion? Yes ☐     No ☐ **Not Applicable**

    5.     Result _____

_____

    6.     Date of result _____

B.    As to any second petition, application or motion, give the same information:

    1.     Name of court _____**Not Applicable**_____

    2.     Nature of proceeding _____

_____

_____

    3.     Grounds raised _____

_____

_____

    4.     Did you receive an evidentiary hearing on your petition, application or motion? Yes ☐     No ☐

    5.     Result _____

_____

_____

    6.     Date of result _____

C.    As to any third petition, application or motion, give the same information:

       .     Name of court _____

2.  Nature of proceeding __Not Applicable__

3.  Grounds raised __Not Applicable__

4.  Did you receive an evidentiary hearing on your petition, application or motion?  Yes ☐  No ☐

D.  Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

1.  First petition, etc.   Yes ☐   No ☐
2.  Second petition, etc.  Yes ☐   No ☐   Not Applicable. This is Movant's
3.  Third petition, etc.   Yes ☐   No ☐   first post-conviction motion.

E.  If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not: __Not Applicable. This is Movant's first post-conviction action.__

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the fact supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same. (Caution: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.)

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, *you should raise in this motion all available grounds* (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for

relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

- (l) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily, or with understanding of the nature of the charge and the consequences of the plea.
- (m) Conviction obtained by use of coerced confession.
- (n) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
- (o) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
- (p) Conviction obtained by a violation of the privilege against self-incrimination.
- (q) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
- (r) Conviction obtained by a violation of the protection against double jeopardy.
- (s) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
- (t) Denial of effective assistance of counsel.
- (u) Denial of right of appeal.

A. Ground one: **MOVANT'S RIGHT TO DUE PROCESS OF LAW VIOLATED BY THE USE OF AN INACCURATE DETERMINATION OF DRUG QUANTITY IN DETERMINING THE SENTENCE.**

Supporting FACTS (tell your story *briefly* without citing cases or law): Movant was sentenced on the basis of 55 grams of "ice", 3.57 grams of methamphetamine, and 6.2 grams of marijuana. The quantity of "ice" attributed to Movant was excessive in that only 39 of the grams of "ice" were fairly attributable to Movant, but the remainder was not. The sentence, however, included all of the amounts seized by law enfrocement authorities, which resulted in a harsher sentence than what Movant should have received.

B. Ground two: **MOVANT'S SIXTH AMENDMENT RIGHT TO A JURY DETERMINATION OF THE DRUG QUANTITY WAS VIOLATED BY THE COURT"S DETERMINATION OF THE DRUG QUANTITY ISSUE ON THE BASIS OF A MERE PREPONDERANCE OF THE EVIDENCE, RATHER THAN PROOF ESTABLISHING THE DRUG QUANTITY BEYOND A REASONABLE DOUBT.**

Supporting FACTS (tell your story *briefly* without citing cases or law): During the course of the criminal case, after Movant had entered a plea of guilty to 4 counts of the indictment, the U.S. Probation Office determined the Base Offense Level to be 32 based on the rules of "relevant conduct." PSR ¶21. The factual determination which was critical to the imposition of the sentence was determined by the Court, utilizing the less stringent standard of a preponderance of the evidence standard. Further, the substance should have beencharged as a mixture or substance

(continued) containing methamphetamine. There was no factual basis on which to believe the controlled substance involved in the case was anything more than a mixture or substance containing methamphetamine.

C. Ground three: 's plea to Count 3 of the Indictment was not knowingly and intelligently entered in that Movant was not aware that the firearm had to be possessed in furtherance of a drug trafficking crime. Hence, his conviction was in violation of his right to due process of law.

Supporting FACTS (tell your story *briefly* without citing cases or law): Movant was led to believe that possession of a firearm when a drug offense occurred was a violation of 18 U.S.C. §924(c), but was unaware of the fact that the possession of the firearm had to bear some relationship to the drug trafficking crime, that is, that it had to facilitate or further the drug trafficking offense. Petitioner's possession of the firearm was completely incidental to the drug trafficking offense for which he was convicted. Had Movant know that the presence of the firearms had to facilitate the drug transaction, and not be merely incidental to the drug trafficking crime, Movant would not have tendered a plea of guilty to the offense charged in Count 3.

D. Ground four: MOVANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT THE PRETRIAL, PLEA AND SENTENCING STAGES OF THE CRIMINAL CASE IN VIOLATION OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIXTH AMENDMENT TO THE CONSTITUTION.

Supporting FACTS (tell your story *briefly* without citing cases or law): Movant's counsel failed to advise him that the allegations of Count 3 of the indictment required the possession of the firearm to have been for the purpose of facilitating the drug trafficking offense. Counsel had informed Movant that any possession of a firearm when a drug trafficking offense occurs is a violation of 18 U.S.C. §924(c), He Movant known this advice to have been incorrect, he would not have entered a plea of guilty to Count 3 of the indictment had he known the mere possession of a firearm incidental to a drug trafficking offense, but which did not facilitate the offense was not a violation of 18 U.S.C. §924(c). Further, counsel was ineffective in failing to object to the judicial fact-finding which served to increase my sentence, Further, counsel was ineffective in failing to file amotion to suppress evidence in the case, failed to contact me regarding pretrial motions, failed to raise a question about my medical condition, (continued on separate page)

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

None of the grounds raised in this motion have previously been raised. The issues raised herein are raised for the first time for the reason that I received ineffective assistance of counsel at the pretrial, trial, and sentencing stages of the case, which violated my right to counsel secured to me under the Sixth Amendment to the Constitution of the United States. I was totally dependent upon my counsel to raise the issues that needed to be raised in order to subject the government's case to meaningful scrutiny, and depended upon counsel to prosecute an appeal from any aspect of the case that violated my rights. Counsel, unfortunately, did not do this, and this resulted in a procedural default of the issues raised herein.

14. Do you have any petition or appeal now pending in any court as to the judgment under

(Ineffective Assistance of Counsel Claim (continued from p. 7)

Counsel for Movant failed to file a motion to suppress evidence, although he was well aware of the fact that a deadline existed for the filing of a motion to suppress, and was well aware of the fact there were grounds for the filing of a motion to suppress, counsel failed and neglected to file a motion seeking to suppress the evidence obtained as a result of the State search warrant that was issued. Had he done so, he would have been able to establish the search warrant was issued based upon facts that were totally fabricated, and that the search warrant was issued because of the fraud perpetrated upon the Court in inducing the Court to issue a search warrant.

Counsel was ineffective in his failure to document Movant's medical condition, and the fact that Movant was, at all times relevant hereto, suffering from post traumatic stress syndrome following a serious collision between the boat he was the chief officer (Captain) which was involved several fatalities . Movant's counsel was aware of the medical condition, and had beenprovided the name and addresses of treating physicians, but he failed and neglected to make any contact with the health care providers to obtain pertinent information from them which could have been used as the basis for a downward departure.

Counsel was ineffective for failure to raise the question of the constitutionality of the provisions of 21 U.S.C. §841(b)(1)(A), the sentencing provision the Court felt to be applicable in this case. Counsel failed to argue that 21 U.S.C. §841(b)(1)(A) is unconstitutional in light of the Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000).

GROUND FIVE:      The provisons of 21 U.S.C. §841(b)(1)(A) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000)

Supporting Facts:      The Congress, in enacting 21 U.S.C. §841(b)(1)(A) and (B), made drug weight the critical distinction between a mandatory 10 year penalty under 21 U.S.C. §841(b)(1)(A) and a mandatory 5-year minimun sentence under 21 U.S.C. §841(b)(1)(B). Congress intended these provisions to be sentencing issues which would be determined by the Court and not a jury. Thus, Congress, in its design of the Controlled SUbstance Act of 1970, fully intended that drug quantity and type would be matters to be determiend by the Court. The sentencing guidelines echoed the Congressional intent by providing that drug quantity and type would be determined by the Court by a preponderance of the evidence , thus violating the Movant's rights under the Sixth Amendment to the Constitution of the United States.

GROUND SIX: The Sentence Imposed is in excess of the statutory maximum in that non-injectible methamphetamine is a Schedule III controlled substance and not a Schedule II controlled substance.

Supporting Facts: 21 U.S.C. §812 created five Schedules for controlled substances, known as Schedules I, II, III, IV, and V. In 21 U.S.C. §812, Congress provided that methamphetamine in an injectible form is a Schedule II controlled substance, but that all other forms of methamphetamine were Schedule III controlled substances. The materiality of the difference is that the maximum penalty for a violation of a Schedule III controlled substance is governed by the provisions of 21 U.S.C. §841(b)(1)(D), which is 5 years, with no mandatory minimum sentence.

attack?  Yes ☐         No ☒

15.    Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   a)    At preliminary hearing  Not Applicable, Case was by indictment.

   b)    At arraignment and plea  Richard Cracker Waldrop, Attorney at Law, Post Office Box 310027, Enterprise, AL 36331

   c)    At trial  Same as 15(b)

   d)    At sentencing  Same as 15(b)

   e)    On appeal  No appeal was taken

   f)    In any postconviction proceeding  None

   g)    On appeal from any adverse ruling in a postconviction proceeding  None

16.    Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?  Yes ☒     No ☐

17.    Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?  Yes ☐     No ☒

   a)    If so, give name and location of court which imposed sentence to be served in the future: _____

b)  And give the date and length of sentence to be served in the future: __N/A__

c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?   Yes ☐    No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding. **Further,** Movant prays that he be granted thirty (30)days from the filing of this Motion to submit his memorandum in support, wherein he will provide a full memorandum on each of the six issues raised in this motion.

_____
Signature of Attorney (If any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on __April 26, 2005_____.
              (Date)

                              *Eugene Robert Church*
                              Signature of movant