**FILED**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

AUG 1 9 2003

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 03-173-N |
| | ) | [21 USC 846; |
| EUGENE ROBERT CHURCH, and | ) | 21 USC 841(a)(1); |
| GAYLE LYNN STROTHER | ) | 18 USC 924(c)(1)(A); |
| | ) | 18 USC 922(g)(3); |
| | ) | 18 USC 2] |

### INDICTMENT

The Grand Jury charges:

### COUNT 1

That from an unknown date, but commencing at least as early as on or about January 1, 2003, and continuing thereafter until on or about May 21, 2003, the exact dates being unknown to the Grand Jury, in Autauga County and Elmore County, within the Middle District of Alabama, and elsewhere,

EUGENE ROBERT CHURCH, and
GAYLE LYNN STROTHER,

defendants herein, did knowingly and intentionally conspire, combine and agree together and with other persons known and unknown to the Grand Jury to distribute and possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

### COUNT 2

On or about the 6th day of January, 2003, in Autauga County,

within the Middle District of Alabama,

**EUGENE ROBERT CHURCH, and**
**GAYLE LYNN STROTHER,**

defendants herein, while aiding and abetting one another, did knowingly and intentionally possess with the intent to distribute 50 grams or more of methamphetamine, a Schedule II Controlled Substance, in violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Section 841(a)(1).

### COUNT 3

On or about the 6th day of January, 2003, in Autauga County, within the Middle District of Alabama,

**EUGENE ROBERT CHURCH, and**
**GAYLE LYNN STROTHER,**

defendants herein, while aiding and abetting one another, did knowingly use and carry, during and in relation to, and possess in furtherance of, a drug trafficking offense, namely possession with the intent to distribute methamphetamine as charged in Count 2, a drug trafficking crime prosecutable in a Court of the United States, firearms, to wit: a Glock Model 19, 9 millimeter pistol, serial number YX405; a Browning Highpower, 9 millimeter pistol, serial number 245N18229; and, a Rossi .38 caliber revolver, serial number W462694, all in violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A).

### COUNT 4

On or about 6th day of January, 2003, in Autauga County,

2

within the Middle District of Alabama,

EUGENE ROBERT CHURCH,

defendant herein, then being an unlawful user of a controlled substance as defined in 21 USC §802, did knowingly possess, in and affecting commerce, firearms, to-wit: a Glock Model 19, 9 millimeter pistol, serial number YX405; a Browning High Power, 9 millimeter pistol, serial number 245N18229; and, a Rossi .38 caliber revolver, serial number W462694, in violation of Title 18, United States Code, Section 922(g)(3).

COUNT 5

On or about the 21st day of May, 2003, in Elmore County, within the Middle District of Alabama,

GAYLE LYNN STROTHER,

defendant herein, did knowingly and intentionally distribute methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

FORFEITURE ALLEGATION 1

A.     Counts 1-5 of this Indictment are hereby repeated and incorporated herein by reference.

B.     Upon conviction for the violation of Title 18, United States Code, Section 924(c)(1)(A), as alleged in Count 3 of this Indictment the defendants,

EUGENE ROBERT CHURCH and<br>GAYLE LYNN STROTHER,

shall forfeit to the United States, pursuant to Title 18, United

3

States Code, Section 924 and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of this offense including, but not limited to, the following:

>           (1)    One Glock Model 19, 9 Millimeter Pistol, S/N
>                  YX405;
>
>           (2)    One Browning Highpower, 9 Millimeter Pistol,
>                  S/N 245N18229; and,
>
>           (3)    One Rossi .38 Caliber revolver, S/N  W462694.

C.    If any of the property described in this forfeiture allegation, as a result of any act an omission of the defendant:

(1)    cannot   be   located   upon   the   exercise   of   due diligence;

(2)    has been transferred, sold to, or deposited with a third person;

(3)    has  been  placed  beyond  the  jurisdiction  of  the court;

(4)    has been substantially diminished in value; or,

(5)    has been commingled with other property which cannot be divided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the property described in Paragraph B above, all in violation of Title 18, United States Code, Section 924.

4

## FORFEITURE ALLEGATION 2

A.    Counts 1-5 of this Indictment are hereby repeated and incorporated herein by reference.

B.    Upon conviction for the violation of Title 18, United States Code, Section 922(g)(3), as alleged in Count 4 of this indictment, the defendant,

EUGENE ROBERT CHURCH,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of this offense including, but not limited to, the following:

1)    One Glock Model 19, 9 Millimeter Pistol, S/N YX405;

2)    One Browning Highpower, 9 Millimeter Pistol, S/N 245N18229; and,

3)    One Rossi .38 Caliber revolver, S/N W462694.

C.    If any of the property described in this forfeiture allegation, as a result of any act an omission of the defendant:

(1)    cannot be located upon the exercise of due diligence;

(2)    has been transferred, sold to, or deposited with a third person;

(3)    has been placed beyond the jurisdiction of the court;

(4)    has been substantially diminished in value; or,

5

(5)   has been commingled with other property which cannot

be divided without difficulty; the United States, pursuant to Title

21, United States Code, Section 853, as incorporated by Title 28,

United States Code, Section 2461(c), intends to seek an order of

this Court forfeiting any other property of said defendant up to

the value of the property described in Paragraph B above, all in

violation of Title 18, United States Code, Section 922.

A TRUE BILL:

_____
Foreperson

_____
JOHN T. HARMON
Assistant United States Attorney

_____
STEPHEN P. FEAGA, SR.
Assistant United States Attorney

6