```
 1              IN THE UNITED STATES DISTRICT COURT

 2              FOR THE MIDDLE DISTRICT OF ALABAMA

 3                       NORTHERN DIVISION

 4

 5   UNITED STATES OF AMERICA

 6        vs.                     CASE NO:  2:03cr173-A

 7   EUGENE ROBERT CHURCH,

 8        Defendant.

 9

10

11

12                   * * * * * * * * * *

13                     SENTENCING HEARING

14                   * * * * * * * * * *

15        BEFORE THE HONORABLE W. HAROLD ALBRITTON, UNITED

16   STATES DISTRICT JUDGE, at Montgomery, Alabama, on Friday,

17   April 23, 2004, commencing at 9:21 a.m.

18   APPEARANCES:

19   FOR THE GOVERNMENT:      Mr. Stephen P. Feaga
                              Assistant United States Attorney
20                            OFFICE OF THE UNITED STATES ATTORNEY
                              One Court Square, Suite 201
21                            Montgomery, Alabama   36104

22   FOR THE DEFENDANT:       Mr. Richard Cracker Waldrop
                              Attorney at Law
23                            P.O. Box 310027
                              Enterprise, Alabama   36331-0027
24
              Proceedings reported stenographically;
25               transcript produced by computer.
```

```
 1        (The following proceedings were heard before the Honorable
 2     W. Harold Albritton, United States District Judge, at
 3     Montgomery, Alabama, on Friday, April 23, 2004, commencing
 4     at 9:21 a.m.:)
 5        THE COURT:  All right.  I next call the case of United
 6  States of America versus Eugene Robert Church.  Is the
 7  government ready?
 8        MR. FEAGA:  We are, Your Honor.
 9        THE COURT:  All right.  Is the defendant ready to
10  proceed?
11        MR. WALDROP:  Yes, Your Honor.
12        THE COURT:  All right.  I'll ask the defendant and
13  defense counsel to come forward to the lectern, please.
14        Mr. Church, have you, and Mr. Waldrop, have you, as
15  defense counsel, reviewed the presentence report, including any
16  revisions that may have been made after the initial disclosures?
17        MR. WALDROP:  Yes, Your Honor.
18        THE DEFENDANT:  Yes, sir.
19        THE COURT:  All right.  And the presentence report
20  indicates there are no objections to the presentence report; is
21  that correct, Mr. Waldrop?
22        MR. WALDROP:  That's correct, Your Honor.
23        THE COURT:  All right.
24        MR. FEAGA:  None from the United States, Your Honor.
25        THE COURT:  Then there being no objections, the Court
```

```
 1  adopts the factual statements contained in the presentence
 2  report with specific findings that the offense level is 30; the
 3  criminal history category is I; the guideline range is from 120
 4  to 121 months as to count one and two, 60 months as to count
 5  three, and 97 to 120 months as to count four.  The supervised
 6  release period is five years as to count one and two, three to
 7  five years as to count three, and two to three years as to count
 8  four.  The fine range is from $15,000 to $8 million.
 9            Pursuant to the Sentencing Reform Act of 1984, it is
10  the judgment of the Court -- well, the Court is first going to
11  state the -- before I state the sentence, I'll ask does defense
12  counsel have anything to say before I pronounce sentence?
13            MR. WALDROP:  No, Your Honor.
14            THE COURT:  Does the defendant?  Mr. Church, do you
15  have anything you'd like to say?
16            THE DEFENDANT:  No, sir, Your Honor.
17            THE COURT:  All right.  How about the government,
18  Mr. Feaga?
19            MR. FEAGA:  Nothing from the United States, Your Honor.
20            THE COURT:  All right.  The Court, then, will state the
21  sentence.  Before imposing the sentence I'll give you an
22  opportunity to make any objections that you might have at that
23  time.
24            Pursuant to the Sentencing Reform Act of 1984, it is
25  the judgment of the Court that you are hereby committed to the
```

1 custody of the Federal Bureau of Prisons to be imprisoned for a
2 total term of 180 months.  The term consists of 120 months on
3 counts one, two, and four and 60 months on count three to be
4 served consecutively to the term on counts one, two, and four.
5 The Court recommends that you be designated to a facility where
6 intensive residential substance abuse treatment is available.
7        I'll say to you, Mr. Church, that I've reviewed a
8 number of letters that your lawyer has forwarded to me from
9 different people.  One of the things that they have asked is
10 that you be given help in this regard.  And I am recommending
11 that you be sent to a facility where intensive residential
12 substance abuse treatment is available in response to their
13 requests.
14        MR. WALDROP:  Thank you, Your Honor.
15        THE COURT:  You are remanded to the custody of the
16 United States Marshal.  You shall pay to the U.S. District Court
17 Clerk a special assessment fee of $400, which is due
18 immediately.  Based on your inability to pay, the Court waives
19 the imposition of a fine.
20        Upon release from imprisonment, you shall be placed on
21 supervised release for a term of five years.  This term consists
22 of five years on each of counts one, two, and three and three
23 years on count four, all such terms to run concurrently.  Within
24 72 hours of release from custody, you shall report to the
25 probation office in the district to which you are released.

```
 1   While on supervised release, you shall comply with the mandatory
 2   and standard conditions of supervised release on file with this
 3   Court.
 4           The Court also orders the following special
 5   conditions.  You shall participate in drug testing and/or
 6   treatment if directed by the probation officer.  You shall
 7   contribute to the cost of any treatment based on ability to pay
 8   and availability of third-party payments.  You shall submit to a
 9   search of your person, residence, office, or vehicle pursuant to
10   the search policy of this Court.  The Court finds that there is
11   no identifiable victim who incurred a financial loss as a result
12   of this offense.
13           Now, are there any objections to the sentence or to the
14   manner in which the Court pronounced it?  For example, do you
15   have any objections to the Court's ultimate findings of fact or
16   conclusions of law?
17           MR. WALDROP:  No, Your Honor.
18           THE COURT:  Mr. Waldrop?  Sir?
19           MR. WALDROP:  None, Your Honor.
20           THE COURT:  All right.  Mr. Feaga?
21           MR. FEAGA:  None from the United States, Your Honor.
22           THE COURT:  The sentence is ordered imposed as stated.
23   And I understand that pursuant to the plea agreement, the right
24   of appeal has been waived by the defendant.  Is this correct?
25           MR. WALDROP:  Yes, Your Honor.
```

```
 1              MR. FEAGA:  That is correct, Your Honor.
 2              THE COURT:  All right.  The right of appeal has been
 3    waived by the defendant.  You are at this time committed to the
 4    custody of the United States Marshal.
 5              Mr. Waldrop, thank you for your services, and you may
 6    be excused.
 7              MR. WALDROP:  Thank you, Your Honor.
 8         (Proceedings concluded at 9:27 a.m.)
 9                    *  *  *  *  *  *  *  *  *  *
10                    COURT REPORTER'S CERTIFICATE
11         I certify that the foregoing is a correct transcript
12    from the record of proceedings in the above-entitled matter.
13         This 12th day of May, 2005.
14
15                                   _____
                                     RISA L. ENTREKIN, RDR, CRR
16                                   Official Court Reporter
17
18
19
20
21
22
23
24
25
```