IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | Civil Action No. 2:05cv403-WHA |
| | ) | (WO) |
| EUGENE ROBERT CHURCH | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This matter is before the court on a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence filed by federal inmate Eugene Robert Church ("Church"). On January 16, 2004, pursuant to an unwritten plea agreement, Church pled guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1); aiding and abetting the possession with intent to distribute methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) (Count 2); using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 3); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3) (Count 4). On April 23, 2004, the court sentenced Church to a total of 180 months' imprisonment, consisting of concurrent terms of 120 months each for Counts 1, 2, and 4 and a consecutive term of 60 months for Count 3. Judgment was entered on April 26, 2004. Church did not appeal.

Church filed this § 2255 motion (Doc. No. 1) on April 26, 2005.[1] In his motion, he claims that he received ineffective assistance of counsel for the following reasons:

1. Counsel failed to challenge the district court's calculation of the drug quantity attributed to him at sentencing, specifically the quantity of "ice" methamphetamine.

2. Counsel failed to argue that the enhancement of his offense level based on judicial fact-finding as to drug quantity violated his Sixth Amendment right to a jury determination of drug quantity.

3. Counsel failed to properly advise him of the elements of 18 U.S.C. § 924(c), thereby rendering his guilty plea to Count 3 of the indictment involuntary and unknowing.

4. Counsel failed to argue that his sentence exceeded the statutory maximum applicable to non-injectable methamphetamine.

5. Counsel failed to file a timely motion to suppress.

6. Counsel failed to document Church's medical condition and the fact that Church was suffering from post-traumatic stress syndrome.

7. Counsel failed to challenge the constitutionality of 21 U.S.C. § 841(a)(1) in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

8. Counsel failed to file an appeal.[2]

The government responded to Church's § 2255 motion, asserting that he is entitled

---

[1]Although the motion was date-stamped "received" in this court on May 2, 2005, under the "mailbox rule," the court deems the motion filed on the date Church delivered it to prison authorities for mailing, presumptively, April 26, 2005, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2]Church's motion contains substantive claims as well as independent allegations of ineffective assistance of counsel. However, Church asserts the ineffective assistance of counsel as cause for his failure previously to raise the substantive claims in his motion. (*See* Doc. No. 1 at 7.) Thus, for organizational and analytical purposes, this court considers all claims in Church's motion as allegations of ineffective assistance of counsel. Where appropriate, this court recasts some of Church's claims in a more logical presentation.

to no relief because his claims are either procedurally barred or without merit.[3] (Doc. No. 10.) Church was afforded an opportunity to respond to the government's submission and has done so. (Doc. No. 16.) After due consideration of the § 2255 motion, the submissions supporting and opposing the motion, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

## II. DISCUSSION

A.  *Standard of Review for Ineffective Assistance of Counsel*

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. To succeed on a claim of ineffective assistance of counsel, a movant must satisfy both prongs of the test set by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The *performance* prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The *prejudice* prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense. *Id*. at 687.

---

[3]The government also argues that this court should not consider Church's § 2255 motion because, pursuant to the unwritten plea agreement, he waived his right to appeal or collaterally attack his conviction and sentence. Upon review of the guilty plea colloquy, this court is uncertain whether a waiver of Church's right to collateral review was part of the plea agreement or, if such a waiver was part of the agreement, whether Church fully understood this provision. Accordingly, and because this court also concludes that the claims in Church's § 2255 motion are meritless, the court pretermits consideration of the government's argument that the § 2255 motion is barred under the terms of the plea agreement. However, for reasons indicated later in this Recommendation, the court finds that the appeal waiver was clearly part of the plea agreement, that Church knowingly waived his right to appeal when entering his guilty plea, and that the appeal waiver was therefore effective.

3

Under the performance component of the *Strickland* inquiry, a movant must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687).

Under the prejudice component of *Strickland*, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice component of *Strickland* focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Id*. at 687. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

Unless a movant satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697 (A court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one."); *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address

4

the performance prong").

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.... Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994).

### B.    *Ineffective Assistance of Counsel Claims*

#### 1.    **Failure to Challenge Drug Quantity**

Church claims that his counsel rendered ineffective assistance by failing to challenge the district court's calculation of the drug quantity attributed to him at sentencing. (Doc. No. 1 at 6-7.) In this regard, he specifically asserts that the quantity of "ice"[4] attributed to him by the court was excessive and that only 39 of the 55 grams of "ice" for which the court found him accountable were "fairly attributable" to him. (*Id.* at 6.)

The PSI indicates that law enforcement officers seized a total of 55 grams of "ice" from the residence, vehicle, and person of Church's codefendant, Gayle Strother, on the date

---

[4]"Ice" methamphetamine is defined in the Federal Sentencing Guidelines as methamphetamine that is at least 80% pure. *See* U.S.S.G. § 2D1.1(c) n.(C). The district court adopted the findings in the Presentence Investigation Report ("PSI") that Church was accountable for a total of 55 grams of "ice," 3.57 grams of methamphetamine, and 6.2 grams of marijuana. (*See PSI* at 7 ¶ 21; *"Sentence Hearing"* at 2-3.) Under the Drug Equivalency Tables set out in the Sentencing Guidelines, these drug amounts were then converted to the equivalent of 1,107.14 kilograms of marijuana. (Pursuant to U.S.S.G. § 2D1.1, comment. n.10, where a defendant is convicted of dealing more than one type of controlled substance, the drug amounts attributable to the defendant are converted into their marijuana equivalencies.) 1,107.14 kilograms of marijuana corresponds to a base offense level of 32 under § 2D1.1(c)(4) of the Sentencing Guidelines.

of Church's arrest. (*See PSI* at 5-6 ¶ 11.) Church was arrested inside Strother's residence shortly after officers also arrested Strother, who was observed leaving the residence in her vehicle. (*Id.*) At his guilty plea hearing, Church specifically acknowledged that, at the time of his arrest, he possessed or had the ability to possess the 55 grams of "ice" and that it was his intent to distribute the drugs in complicity with Strother. (*See "Change of Plea Proceedings"* at 77-79.) In his § 2255 motion, Church presents no argument, and points to no evidence, tending to show that only 39 of the 55 grams of "ice" seized on the date of his arrest were properly attributable to him for sentencing purposes. Rather, he is content to allege error without demonstrating a factual basis to support the claim. Accordingly, this court concludes that Church has not demonstrated that his counsel's failure to challenge the district court's calculation of drug quantity was objectively unreasonable and that he was prejudiced by that performance. *See Strickland v. Washington*, 466 U.S. 668, 687-89 (1984). Church is entitled to no relief based on this claim.

    **2.**     **Failure to Assert Sixth Amendment Issue**

Church claims that his counsel was ineffective for failing to argue that the enhancement of his offense level based on judicial fact-finding as to drug quantity violated his Sixth Amendment right to a jury determination of drug quantity. (Doc. No. 1 at 6-7.) This claim is only cursorily asserted in Church's § 2255 motion. However, it appears that it is Church's intention to present a claim that his counsel was ineffective for failing to raise a *Booker*-type claim challenging the district court's authority to enhance his offense level

6

based on the court's fact-finding regarding drug quantity.[5] *See United States v. Booker*, 543 U.S. 220 (2005).

In *Booker*, the Supreme Court held that the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury. *See* 543 U.S. at 231-45. Church was sentenced on April 23, 2004, and his conviction became final on May 6, 2004 – 10 days after the district court's April 26, 2004, entry of judgment.[6] *Booker* was not decided until January 12, 2005.[7] It is well settled that an attorney's failure to anticipate a change in the law does not constitute ineffective assistance of counsel. *See, e.g., United States v. Ardley*, 273 F.3d 991, 992 (11th Cir. 2001); *Davis v. Singletary*, 119 F.3d 1471, 1476 (11th Cir. 1997); *Pitts v. Cook*, 923 F.2d 1568, 1572-74 (11th Cir. 1991). This "rule applies even if the claim based on anticipated changes in the law was reasonably available at the time counsel failed to raise it." *Ardley*, 273 F.3d at 993 (citing *Pitts*, 923 F.2d at 1572-74).

Church's counsel cannot be faulted for failing to anticipate the Supreme Court's

---

[5] Although Church does not specifically mention *Booker* in his § 2255 motion, he argues at length in his reply to the government's response that *Booker* is applicable to his sentence. (*See* Doc. No. 16 at 12-13 & 15-35.) In that reply, Church specifically asserts that his counsel "fail[ed] to recognize the Sixth Amendment implications of the Court's action in finding facts which served to increase the sentence." (*Id*. at 12-13.)

[6] *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a direct appeal, the conviction becomes final ten days after the district court's judgment is entered); *see also Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005).

[7] The Eleventh Circuit has held that *Booker* is not retroactively applicable to cases on collateral review. *Varela v. United States*, 400 F.3d 864, 866-67 (11th Cir. 2005); *see also In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005). Thus, to the extent that Church asserts *Booker* as a substantive basis for relief, his claims are without merit.

decision in *Booker*. Consequently, Church has not established that his counsel's failure to a raise a *Booker*-type claim fell below an objective standard of reasonableness, and Church is entitled to no relief based on this claim of ineffective assistance of counsel.[8] *See Strickland*, *supra*, 466 U.S. at 688.

### 3. Failure to Advise Regarding Elements of 18 U.S.C. § 924(c)

Church maintains that his counsel failed to properly advise him of the elements of 18 U.S.C. § 924(c), thereby rendering his guilty plea to Count 3 of the indictment involuntary and unknowing. (Doc. No. 1 at 7.) Specifically, Church contends that his counsel failed to advise him that, to establish criminal liability under § 924(c), his possession of a firearm must have facilitated or furthered the drug trafficking crime.[9] (*Id.*) According to Church, his possession of firearms was completely incidental to his drug trafficking and, had he been aware of the elements of the § 924(c) offense, he would not have entered a guilty plea to Count 3. (*Id.*)

The PSI reflects that, on the day of arrest, law enforcement officers discovered Church

---

[8] At the guilty plea hearing, Church admitted that he conspired to distribute between 500 grams and 1.5 kilograms of methamphetamine as charged in Count 1 and that he possessed with intent to distribute 50 grams of methamphetamine as charged in Count 2. (*See "Change of Plea Proceedings"* at 76-79.) The Drug Quantity Table at U.S.S.G. § 2D1.1(c) provides for a base offense level of 32 for between 500 grams and 1.5 kilograms of methamphetamine. Thus, as the government points out, "Church's own admission during his guilty plea hearing established facts sufficient to assign his offense level at 32." (Doc. 10 at 11-12.) Where a defendant admits to facts that support the enhancement of his offense level, there is no Sixth Amendment violation under *Booker*. *See United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005); *see also United States v. Petho*, 409 F.3d 1277, 1280 n.1 (11th Cir. 2005). Church does not allege that his counsel was ineffective for allowing him to admit to the drug quantities involved in his offenses, but rather for failing to raise a *Booker*-type Sixth Amendment claim challenging the district court's fact-finding authority.

[9] 18 U.S.C. § 924(c) makes it an offense to either (1) use or carry a firearm during and in relation to a crime of violence or drug trafficking crime or (2) possess a firearm in furtherance of such crime. *See* 18 U.S.C. § 924(c)(1).

8

lying on a bed at the residence of his codefendant, Gayle Strother. (*See PSI* at 5-6 ¶ 11.) Next to the bed was a night stand, on top of which were two 9 mm pistols. (*Id*.) During a search of the residence, officers also found methamphetamine, a bag of marijuana, $9,326.91 in U.S. Currency, a .38 caliber revolver, and assorted drug paraphernalia. (*Id*.) At the guilty plea hearing, the government's counsel explained to Church that, in order to convict him under § 924(c), it was necessary to establish that he possessed a firearm in furtherance of his drug trafficking offense, that "possession in furtherance of" meant more than mere presence of the firearm, that it was necessary that the firearm "helped further, promote or advance the offense," and that it was the government's theory that Church had the firearms on the night stand "in case someone tried to come in and take either your money from selling drugs, or your drugs away from you." (*See "Change of Plea Proceedings"* at 79-81.) When the government's counsel then asked Church if he believed he had in fact violated § 924(c), Church initially answered, "Not really, but I'll plead to it." (*Id*. at 81.) Obviously, this was insufficient and recognizing that, the government's counsel pursued the matter further. He again explained to Church that it was necessary that his possession of the firearm was not "accidental," but that it instead facilitated the drug offense, and that in order to plead guilty to the § 924(c) offense, he must admit to that fact. (*Id*. at 82.) Church indicated that he understood this and admitted that he was guilty of the offense. *Id.*

      Thus, even if Church's counsel failed to properly explain the elements of § 924(c) to him,[10] no prejudice inured to Church because the government's counsel fully explained those

---

[10]In an affidavit filed with this court (Doc. No. 3), Church's counsel does not state whether or not he
(continued...)

9

elements, and Church indicated that he understood the elements and acknowledged in open court that he was guilty of the offense. "Solemn declarations in open court (at the guilty plea hearing) carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

In light of the record evidence, Church cannot generate an issue of fact as to his understanding of the elements of the offense to which he pleaded guilty or, in this regard, to the voluntariness of his guilty plea. Because Church fails to establish that he was prejudiced by his counsel's performance, he is not entitled to any relief based on this claim of ineffective assistance of counsel. *Strickland*, 466 U.S. at 687-89 (1984).

### 4. Failure to Argue That the Sentence Exceeded the Statutory Maximum for Non-injectable Methamphetamine

Church argues that his counsel was ineffective for failing to argue that his sentence exceeded the statutory maximum applicable to non-injectable methamphetamine. (Doc. No. 1 at 7a.) Church points out that 21 U.S.C. § 812(c), which lists the drug classification schedule, classifies methamphetamine as a Schedule II controlled substance when it is contained in "any injectable liquid" but classifies methamphetamine as a Schedule III controlled substance when it is in any other form. (*Id.*) According to Church, the methamphetamine that he trafficked in was non-injectable and therefore classifiable as a Schedule III controlled substance. (*Id.*) He maintains that, consequently, he should have been sentenced under 21 U.S.C. § 841(b)(1)(D), which carries a maximum sentence of five

---

[10](...continued)
specifically advised Church that, to establish criminal liability under § 924(c), his possession of a firearm must have facilitated or furthered his drug trafficking crime.

years and no mandatory minimum, instead of § 841(b)(1)(A), which provides for a sentence of from ten years to life. (*Id.*)

Under 21 U.S.C. § 811(a), the Attorney General is authorized to reclassify controlled substances. In July 1971, the Director of the Bureau of Narcotics and Dangerous Drugs, on behalf of the Attorney General, reclassified methamphetamine from a Schedule III controlled substance to a Schedule II controlled substance based on its high potential for abuse relative to other substances. *See* 36 F.R. 12734, 12735 (Jul. 7, 1971); 21 C.F.R. § 1308.12(d). At the time Church was sentenced, it was long accepted that methamphetamine was a Schedule II controlled substance. Church cites to, and this court knows of, no cases in the United States Court of Appeals for the Eleventh Circuit, much less any other circuit, that has ruled that the Attorney General's reclassification of methamphetamine from a Schedule III controlled substance to a Schedule II controlled substance in July 1971 was ineffective and that methamphetamine remains a Schedule III controlled substance for federal sentencing purposes. Indeed, those courts of appeal that have addressed this or similar issues, have unanimously concluded that the Attorney General's reclassification of methamphetamine as a Schedule II controlled substance applies to all forms of methamphetamine, in accordance with 21 C.F.R. § 1308.12(d), despite 21 U.S.C. § 812(c)'s distinction. *See United States v. Macedo*, 406 F.3d 778, 784-85 (7th Cir. 2005); *United States v. Gori*, 324 F.3d 234, 240 (3rd Cir. 2003) (reasoning that 21 C.F.R. § 1308.12(d) must supercede 21 U.S.C. § 812(c)'s schedule classification as the Attorney General acted pursuant to express authorization and the regulation was properly promulgated); *United States v. Segler*, 37 F.3d 1131, 1133 (5th

11

Cir. 1994); *United States v. Kendall*, 887 F.2d 240, 241 (9th Cir. 1989).

The court agrees with the reasoning of those cases and concludes, therefore, that Church's counsel's failure to argue that methamphetamine is a Schedule III controlled substance and that his sentence exceeded the statutory maximum for non-injectable methamphetamine did not constitute ineffective assistance of counsel. Church has not demonstrated that his counsel's performance was objectively unreasonable and that he was prejudiced by that performance. *Strickland*, 466 U.S. at 687-89. Therefore, he is entitled to no relief based on this claim.

### 5. Failure to File Timely Motion to Suppress

Church contends that his counsel was ineffective because he failed to file a timely motion to suppress seeking to suppress evidence obtained as a result of the search warrant issued to search codefendant Gayle Strother's residence. (Doc. No. 1 at 7-7a.)

The record indicates that Church's counsel filed an untimely motion to suppress.[11] (*See* Doc No. 60 in Case No. 2:03cr173.) The district court denied the motion, stating that the motion's untimeliness was one basis for the denial. (*See* Doc. No. 66 in Case No. 2:03cr173.) However the district court also stated that even if the motion to suppress had been timely filed, it would be denied due to its lack of factual and legal merit. (*Id.*) The court specifically found that the affidavit in support of the warrant "supplie[d] ample

---

[11]In his affidavit filed with this court, Church's counsel indicates that he filed the motion to suppress immediately after Church turned down a plea deal that he had been negotiating with the government and demanded to go to trial. (*See* Doc. No. 3 at 4.) According to counsel, "[u]p until that time, all my efforts had been made in securing the best plea agreement possible for Mr. Church." (*Id.*) On the second day of trial, Church informed his counsel and the court that he again wished to plead guilty.

probable cause for the search of a properly designated and described place." (*Id.*) Other than making wholly conclusory and unsupported assertions that the search warrant was issued based on "fabricated" facts and that the court was induced by "fraud" to issue the warrant, Church does not propose any basis for suppression of the government's evidence, and there is nothing in the record suggesting that the warrant was obtained through a fraud on the court. Consequently, this court concludes that Church has failed to demonstrate that his counsel's failure to file a timely motion to suppress fell below an objective standard of reasonableness and prejudiced his case. *Strickland*, 466 U.S. at 687-89.

### 6.    Failure to Document Medical Condition

Church asserts that "[c]ounsel was ineffective in his failure to document Movant's medical condition, and the fact that Movant was, at all times relevant hereto, suffering from post-traumatic stress syndrome following a serious collision between the boat [on which] he was the chief officer (Captain) which was involved [in] several fatalities." (Doc. No. 1 at 7a.) According to Church, "Movant's counsel was aware of the medical condition, and had been provided the name and addresses of treating physicians, but he failed and neglected to make any contact with the health care providers to obtain pertinent information from them which could have been used as the basis for a downward departure." (*Id.*)

During the guilty plea hearing, Church himself informed the court of his medical history and stated that he had received treatment, including therapy and medication, for depression that arose after his accident as a boat captain. (*See* "Change of Plea Proceedings" at 63-64.) However, he stated that he had not been to a therapist or taken

13

medication for his depression for at least 18 months. (*Id.* at 64.)

Addressing the claim in Church's § 2255 motion, Church's counsel avers as follows in affidavit:

> I met with Mr. Church many times prior to sentencing. At one of the meetings he gave me the name of Karen Hardiman, a therapist, and advised me that her office was located in Panama City Beach, Florida, across from the Ocean Opry. I was to contact this person and see if she had information which might be beneficial in mitigating Mr. Church's sentence.
>
> I went to Panama City Beach, Florida, to the shopping center across from the Ocean Opry and tried to locate the therapist that Mr. Church mentioned. I went to the rental office but was advised that they did not know of anyone at that complex by the name given me.
>
> In the PSI Report, the Defendant reported that in approximately 1998, he was involved in a boating accident, which killed several people. The Defendant advised that as a result of the accident, he was unable to work for some period of time, due to psychological trauma and was involved in counseling. He stated that he was diagnosed with post-traumatic stress syndrome. However, the Defendant could not remember the address of his psychiatrist or the name of his counselor.

(Doc. No. 3 at 5-6.)

This court is satisfied that Church's counsel used reasonably diligent effort to locate persons who treated Church and to obtain information pertinent to Church's medical condition. There is nothing in this case to suggest that counsel ignored any known leads regarding Church's medical condition and health-care providers that might have helped counsel argue a basis for a downward departure in Church's sentence. Moreover, Church has not demonstrated that further efforts by counsel to investigate and document his medical condition would have yielded information that might have supported a downward departure. Finally, because of Church's statements at the guilty plea hearing and matters that were

14

related to his probation officer and recorded in the PSI, the district court was at least aware of Church's contention that he had been treated for depression and suffered from post-traumatic stress syndrome as well as the fact that he had not sought medication or treatment for the condition for at least 18 months. Under the circumstances, this court concludes that Church has not demonstrated that his counsel's performance in investigating and documenting his medical condition was objectively unreasonable and that he was prejudiced by that performance. *Strickland*, 466 U.S. at 687-89. Therefore, Church is entitled to no relief based on this claim.

> **7.    Failure to Challenge Constitutionality of 21 U.S.C. § 841(a)(1) in Light of *Apprendi***

Church appears to claim that his counsel was ineffective for failing to argue that 21 U.S.C. § 841(b)(1)(A) is facially unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (Doc. No.1 at 7a.). In this regard, he specifically contends that Congress, in its design of the Controlled Substance Act, intended that drug quantity be determined by a judge by a preponderance of the evidence, rather than by a jury beyond a reasonable doubt. (*Id.*) It follows, he suggests, that because such an approach to sentencing has been rendered unconstitutional by *Apprendi*, those parts of 21 U.S.C. § 841(b)(1) under which he was sentenced must fail. (*Id.*)

Similar challenges to the facial constitutionality of § 841(b)(1) based on *Apprendi* have been rejected by the Eleventh Circuit as well as all other courts of appeal that have addressed this issue. *See United States v. Candelario*, 240 F.3d 1300, 1311 n.16 (11th Cir. 2001); *United States v. Sanchez*, 269 F.3d 1250, 1263-70 (11th Cir. 2001); *United States v.*

15

*Slaughter*, 238 F.3d 580 (5th Cir. 2000); *United States v. Fort*, 248 F.3d 475, 483 (5th Cir. 2001); *United States v. Buckland*, 289 F.3d 558, 563 (9th Cir. 2002); *United States v. Cernobyl*, 255 F.3d 1215, 1218-19 (10th Cir. 2001). As Church's substantive argument is without merit, so, likewise, is his claim that his counsel was ineffective for failing to raise this argument. Counsel is not ineffective for failing to raise an issue that would not succeed. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). Because Church fails to show that counsel's performance was deficient or that he suffered resulting prejudice with respect to this allegation of ineffective assistance, he is not entitled to any relief based on this claim. *Strickland*, 466 U.S. at 687-89.

### 8. Failure to Appeal

Church asserts:

> I was totally dependent upon my counsel to raise issues that needed to be raised in order to subject the government's case to meaningful scrutiny, and depended upon counsel to prosecute an appeal from any aspect of the case that violated my rights. Counsel, unfortunately, did not do this, and this resulted in a procedural default of the issues.

(Doc. No. 1 at 7.)

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." 528 U.S. at 480. The Supreme Court went on to state that

>   a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights.

*Flores-Ortega*, 528 U.S. at 480.

Church neither asserts that his counsel failed to consult with him about an appeal nor alleges that he ever instructed his counsel to file an appeal on his behalf. In his affidavit filed with this court, Church's counsel avers that he did not appeal because Church's plea agreement contained an appeal waiver. (Doc. No. 3 at 6.) Under the express terms of the unwritten plea agreement, Church waived his right to appeal his case. There is no indication in the record that Church's appeal waiver was anything but voluntary and knowing.[12] Thus, the appeal waiver was valid. The terms of the plea agreement were favorable to Church. Further, the only arguments that Church has put forward in his § 2255 motion for challenging his guilty plea and sentence are clearly meritless.

The facts of Church's case plainly do not suggest (1) that a rational defendant would have wanted to appeal or (2) that Church reasonably demonstrated to his counsel that she was interested in appealing. *See Flores-Ortega*, 528 U.S. at 480. Thus, Church has failed to establish that his counsel was ineffective for failing to file an appeal, and he is not entitled to any relief based on this claim.

---

[12]During the guilty plea colloquy, the court reviewed the waiver provision of the plea agreement with Church, apprising him that "if you are sentenced to sixteen years, no more than sixteen years, that you, as a part of the agreement, will also waive any right to appeal this case." Church answered that he understood. (*See "Change of Plea Proceedings"* at 66-67.)

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Church be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before July 30, 2007.**  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 17th day of July, 2007.

                                /s/Charles S. Coody
                              CHARLES S. COODY
                              CHIEF UNITED STATES MAGISTRATE JUDGE